UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH SHERMAN,

        Plaintiff,

v.

                                              Case No. 3:23-cv-653-MMH-LLL

KATRINA BAKER, et al.,

        Defendant.

_____

**ORDER OF PARTIAL DISMISSAL WITHOUT PREJUDICE**

Plaintiff Kenneth Sherman, an inmate of the Florida penal system, initiated this action by filing a pro se Civil Rights Complaint (Doc. 1) under 42 U.S.C. § 1983. He is proceeding in forma pauperis. Doc. 6.

In the Complaint, Sherman names three Defendants – Correctional Officer Katrina Baker, the Department of Corrections, and Secretary Ricky Dixon. Doc. 1 at 2-3. Sherman alleges that on November 12, 2022, while housed at Columbia Correctional Institution, Defendant Baker slapped him in the face three times and then handcuffed him before continuing to hit him in the face, elbows, and neck. Id. at 5. Sherman contends Baker's use of force resulted in scratches and bruises on his legs and face. Id. According to Sherman, Baker's conduct amounted to an excessive use of physical force in violation of his rights under the Eighth Amendment. Id. at 4. As relief, Sherman requests one million

dollars and asks that the Department of Corrections investigate his allegations and prohibit Baker from being near Sherman. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires the Court to dismiss this case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A. "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Cent. State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id. As to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure,

2

and therefore courts apply the same standard in both contexts.[1] Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley, 790 F.3d 1286, 1295 (11th Cir. 2015); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam); Richardson v. Johnson, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam). Moreover, under Eleventh Circuit precedent, to prevail in a § 1983 action, a plaintiff must show "an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (citation omitted); Porter v. White, 483 F.3d 1294, 1306 n.10 (11th Cir. 2007).

Under the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701,

---

[1] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

3

705 (11th Cir. 2010). Nonetheless, the plaintiff still must meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). While not required to include detailed factual allegations, a complaint must allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal" (original alteration omitted)). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]"

4

which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant.

The Court must read Sherman's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

Liberally read, Sherman's Complaint fails to state a plausible § 1983 claim against the Department of Corrections and Dixon. As to the Department of Corrections, state and governmental entities that are considered "arms of the state" are not "persons" subject to liability for purposes of a § 1983 action. Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). The Department of Corrections is an arm of the executive branch of the state government, see Fla. Stat. § 20.315, and thus is not a person for purposes of § 1983. To the

5

extent that Sherman predicates liability on the Department of Corrections as a governmental entity, the Department of Corrections may be liable under § 1983 for failing to train its employees if: (1) the Department of Corrections inadequately trains or supervises its employees; (2) this failure to train or supervise is a policy of the Department of Corrections; and (3) that policy causes the employees to violate a person's constitutional rights. See Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 378, 385 (1989)). Because a governmental entity will rarely have an express policy of inadequately training or supervising its employees, a plaintiff may prove such a policy by showing that the entity's failure to train or supervise evidenced a deliberate indifference to the rights of its citizens. Gold, 151 F.3d at 1350. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." Id. A claim about an isolated incident generally cannot sustain a claim for failure to train; rather, there must be evidence "of a history of widespread prior abuse" such that the Department of Corrections was "on notice of the need for improved training or supervision." Wright v. Sheppard, 919 F.2d 665, 674 (11th Cir. 1990); see also Popham v. City of Talladega, 908 F.2d 1561, 1564-65 (11th Cir.1990) (finding no liability for failure to train when no pattern of incidents

6

put the city on notice of a need to train). Here, Sherman fails to adequately allege a failure to train claim against the Department of Corrections as a governmental entity, because his allegations concern an isolated incident with no assertions supporting the type of persistent abuse that would put the Department on notice of a need to correct the error.

Likewise, if Sherman is trying to hold Defendant Dixon liable based on the theory of respondeat superior, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003), abrogated in part on other grounds by Randall v. Scott, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. Id. Because Sherman does not allege that Dixon personally participated in any unconstitutional conduct, the viability of his supervisory claim depends on whether he plausibly alleges a causal connection between Dixon's actions and the alleged constitutional deprivation.

Sherman may establish the requisite causal connection in one of three ways: (1) "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so"; (2) "when a supervisor's custom or policy . . . result[s] in deliberate

7

indifference to constitutional rights"; or (3) "when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Id. (internal citations and quotation marks omitted).

Sherman does not allege facts establishing a causal connection. For instance, he does not allege a history of widespread abuse, nor does he allege that Dixon knew of a need to train his subordinates and failed to do so. Dixon also does not allege that his injuries stemmed from a prison custom or policy. Thus, Sherman has failed to state a claim against Dixon.

Sherman's Eighth Amendment excessive use of force claim against Defendant Baker will proceed.

8

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The claims against Defendant Department of Corrections and Defendant Ricky Dixon are **DISMISSED without prejudice**. The **Clerk** shall terminate them as Defendants in this case.

2. Sherman's Eighth Amendment excessive use of force claim against Defendant Katrina Baker will proceed. A separate Order will enter regarding service of process on the remaining Defendant.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of July, 2023.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Jax-7
C:   Kenneth Sherman, #130883