UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH SHERMAN,

      Plaintiff,

v.

                                Case No. 3:23-cv-653-MMH-LLL

KATRINA BAKER,

      Defendant.
_____

**ORDER**

**I. Status**

Plaintiff Kenneth Sherman, an inmate of the Florida penal system, initiated this action, in forma pauperis, by filing a pro se Civil Rights Complaint under 42 U.S.C. § 1983 (Doc. 1; Complaint). Sherman is proceeding on a claim of excessive force against one Defendant – Correctional Officer Katrina Baker.[1] Id. at 2-3.

This matter is before the Court on Defendant Katrina Baker's Motion to Dismiss Plaintiff's Complaint, in which she argues Sherman fails to state a plausible claim for relief. See Defendant Katrina Baker's Motion to Dismiss Plaintiff's Complaint (Doc. 14; Motion). Sherman responded to the Motion. See

---

[1] The Court dismissed Sherman's claims against the Department of Corrections and Ricky Dixon. See Order of Partial Dismissal Without Prejudice (Doc. 9).

Order to Show Cause to Not Dismiss this Case (Doc. 16; Response). The Motion is ripe for review.

## II. Sherman's Allegations[2]

Sherman alleges that on November 12, 2022, while housed at Columbia Correctional Institution, Defendant Baker slapped him in the face three times and then handcuffed him before slamming his face to the ground and holding her elbows to the back of his neck. Complaint at 5. According to Sherman, Baker used this force "for no reason" and it caused Sherman to suffer injuries to the back of his legs and scratches and bruises to his face. Id. Sherman contends Baker's conduct amounted to an excessive use of physical force in violation of his rights under the Eighth Amendment. Id. at 4. As relief, he requests monetary damages and asks that the Florida Department of Corrections (FDOC) investigate his allegations and prohibit Baker from being near Sherman. Id. at 5.

## III. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S.

---

[2] In considering Defendant's Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Sherman, and accept all reasonable inferences that can be drawn from such allegations. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003); Jackson v. Okaloosa Cnty., 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint, and may well differ from those that ultimately can be proved.

662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (quotations, citation, and

original alteration omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## IV. Discussion

In Sconiers v. Lockhart, 946 F.3d 1256, 1265 (11th Cir. 2020), the Eleventh Circuit reviewed "the principles applicable to Eighth Amendment excessive-force" claims. In doing so, the Court instructed:

> The Eighth Amendment, among other things, prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. As the Supreme Court has

4

explained, "the unnecessary and wanton infliction of pain" qualifies under the Eighth Amendment as proscribed "cruel and unusual punishment." Hudson v. McMillian, 503 U.S. 1, 5 (1992). Nevertheless, the Supreme Court has instructed that what rises to the level of an "unnecessary and wanton infliction of pain" differs based on the type of Eighth Amendment violation alleged. Id.

Since [the plaintiff] asserts excessive-force . . . claims, "the core judicial inquiry" requires [the Court] to consider "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Wilkins, 559 U.S. at 37 (citation and quotation marks omitted).[3] This standard requires a prisoner to establish two elements – one subjective and one objective: the official must have both "acted with a sufficiently culpable state of mind" (the subjective element), and the conduct must have been "objectively harmful enough to establish a constitutional violation." Hudson, 503 U.S. at 8 (cleaned up).

With respect to the subjective element, "to have a valid claim on the merits of excessive force in violation of [the Eighth Amendment], the excessive force must have been sadistically and maliciously applied for the very purpose of causing harm." Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010).

As for the objective component of an excessive-force violation, it focuses on whether the official's actions were "harmful enough," Hudson, 503 U.S. at 8, or "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991), to violate the Constitution. "Not every malevolent touch by a prison guard gives rise to a federal cause of action." Wilkins, 559 U.S. at 37. "The

---

[3] Wilkins v. Gaddy, 559 U.S. 34 (2010) (per curiam).

> Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. at 37-38. Instead, the Eighth Amendment prohibits force that offends "contemporary standards of decency," regardless of whether "significant injury is evident," though the extent of injury may shed light on the amount of force applied or "whether the use of force could plausibly have been thought necessary." Wilkins, 559 U.S. at 37 (citation and internal quotation marks omitted).

Id. at 1265-66; see also McKinney v. Sheriff, 520 F. App'x 903, 905 (11th Cir. 2013) (per curiam).[4] In determining whether an officer's use of force was applied maliciously and sadistically for the purpose of causing harm, courts consider five distinct factors:

> (1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; and (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them.

Campbell v. Sikes, 169 F.3d 1353, 1375 (11th Cir. 1999) (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986); Hudson, 503 U.S. at 7). When considering

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

these factors, courts "must also give a 'wide range of deference to prison officials acting to preserve discipline and security,' including when considering '[d]ecisions made at the scene of a disturbance.'" Cockrell v. Sparks, 510 F.3d 1307, 1311 (11th Cir. 2007) (quoting Bennett v. Parker, 898 F.2d 1530, 1533 (11th Cir. 1990)).

Notably, a lack of serious injury, while not dispositive, is relevant to the inquiry. Wilkins, 559 U.S. at 38; Smith v. Sec'y, Dep't of Corr., 524 F. App'x 511, 513 (11th Cir. 2013) (per curiam). The United States Supreme Court has explained:

> "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." Ibid.[5] (quoting Whitley, supra, at 321). The extent of injury may also provide some indication of the amount of force applied. . . . An inmate who complains of a "'push or shove'" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id. at 9 (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).[6]
>
> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim

---

[5] Hudson, 503 U.S. at 7.

[6] See Johnson, 481 F.2d at 1033 ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").

7

> merely because he has the good fortune to escape without serious injury.

Wilkins, 559 U.S. at 37-38. The Eleventh Circuit has stated:

> A plaintiff who suffers only de minimis injury does not necessarily lack a claim for excessive force under § 1983. Stephens,[7] 852 F.3d at 1328 n.33; Saunders v. Duke, 766 F.3d 1262, 1270 (11th Cir. 2014). However, the resulting injuries can be evidence of the kind or degree of force that was used by the officer. See Crocker v. Beatty, 995 F.3d 1232, 1251 (11th Cir. 2021).

Charles v. Johnson, 18 F.4th 686, 700 (11th Cir. 2021).

Here, Defendant Baker argues Sherman fails to state a plausible Eighth Amendment claim for excessive force because his Complaint "contains little more than conclusory allegations regarding [ ] Baker's efforts to preserve discipline and security during a fluid encounter (of which [Sherman] has provided no details) . . . ." Motion at 5-6. Baker contends the FDOC trains its officers to use physical force to maintain safety, and officers, like Baker, deserve deference when "acting to preserve discipline and security . . . ." Id. at 6. She asserts that while Sherman may disagree with her minimal use of force, that disagreement does not give rise to an Eighth Amendment claim. Id. Rather, according to Baker, Sherman must, but fails, to allege facts showing Baker maliciously or sadistically used force to cause harm; and she argues

---

[7] Stephens v. DeGiovanni, 852 F.3d 1298 (11th Cir. 2017).

Sherman admits the only injuries he suffered were scratches and a bruise that medical staff determined were not visible. Id. at 6. To that end, she asserts Sherman's "failure to include the reason and need (or lack thereof) behind the legitimate use of force employed by [ ] Baker to maintain order in a custodial setting is fatal to his claim and require[s] dismissal of his Complaint." Id. at 7.

At this stage, taking Sherman's allegations as true, as the Court must, Sherman has sufficiently alleged a claim of excessive force under the Eighth Amendment. Sherman asserts Baker used physical force "for no reason," stating she slapped him in the face several times before cuffing him, slammed him to the floor, and used her elbow to apply pressure to the back of his neck. Complaint at 5. Sherman also alleges he suffered physical injuries as a result of Baker's use of force. Id.

Baker's argument that she used physical force to restore security and quell a disturbance is more appropriate for the Court's consideration in a motion for summary judgment, not in a motion to dismiss. As such, Defendant Baker's Motion is due to be denied.

Accordingly, it is

**ORDERED:**

1. Defendant Katrina Baker's Motion to Dismiss Plaintiff's Complaint (Doc. 14) is **DENIED**.

2. Defendant Baker shall file an answer to the Complaint (Doc. 1) by **May 22, 2024**.

3. The Court will issue a separate order setting case management deadlines.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of May, 2024.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Jax-7
C:	Kenneth Jamal Sherman, #130883
	Counsel of record