UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENNETH JAMAL SHERMAN,

    Plaintiff,

v.   Case No. 3:23-cv-653-MMH-LLL

KATRINA BAKER,

    Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Kenneth Jamal Sherman, an inmate of the Florida penal system who is proceeding in forma pauperis, initiated this case by filing a pro se Civil Rights Complaint (Doc. 1; Complaint) under 42 U.S.C. § 1983. One Defendant remains – Katrina Baker.[1] Sherman alleges that on November 12, 2022, Defendant Baker slapped him in the face three times and then handcuffed him before continuing to hit him in the face, elbows, and neck. Id. at 5. According to Sherman, Baker's conduct amounted to an excessive use of physical force in violation of his rights under the Eighth Amendment. Id. at 4.

Before the Court is Defendant's Motion to Compel and Motion for Sanctions (Doc. 30; Motion). Baker seeks Court intervention because Sherman

---

[1] The Court dismissed without prejudice Sherman's claims against the Department of Corrections and Ricky Dixon. See Order (Doc. 9).

has failed to meaningfully participate in discovery. See generally id. She contends Sherman refused to appear for his August 28, 2024 deposition; failed to respond or object to her written interrogatories, requests for admission, and requests to produce; and ignored Baker's September 3, 2024 telephone call in which Baker tried to discuss Sherman's position on the contents of the instant Motion. See id. at 1-3. Considering Sherman's refusal to participate, Baker seeks a Court order compelling Sherman to appear for a deposition, directing him to respond to Defendant's properly served discovery requests, and declaring Baker's properly served requests for admission as admitted. Id. at 6. Baker also asks the Court to impose sanctions, including an order dismissing the Complaint and directing Sherman to pay reasonable expenses incurred because of Sherman's refusal to participate in discovery. Id. at 10. In support of her requests, Baker provides an affidavit from Correctional Officer Jason Bishop, in which he attests Sherman refused to leave his cell to participate in the August 28, 2024 deposition (id. at 26-27); as well as two affidavits from Classification Officer Briana Estep, in which she states that on August 20, 2024, she provided Sherman with the written notice of Sherman's August 28, 2024 deposition (id. at 18-19) and also explains that on September 3, 2024, Sherman refused to leave his cell to take the telephone call from defense counsel (id. at 54-55).

2

The Court previously advised Sherman that if he opposes any motion, he has 14 days to respond. See Doc. 5. Despite this, Sherman failed to file a response to the Motion or request more time to do so. The Court also determined that Baker was authorized to depose Sherman during the discovery period. See Order (Doc. 11 at 5). And when Sherman initiated this case, the Court advised him of his obligation to "comply with the rules and court orders" or "face sanctions, including dismissal." See Notice to Pro Se Litigant (Doc. 5). Additionally, after Baker answered the Complaint (Doc. 19), the Court issued a Case Management and Scheduling Order advising Sherman that (1) discovery must be completed by August 30, 2024; (2) he "must timely respond to a discovery request"; and (3) "fail[ure] to cooperate in discovery" may result in sanctions, including "dismissal." See Case Management and Scheduling Order (Doc. 20).

On October 16, 2024, after considering the representations Baker makes in the Motion along with Sherman's failure to comply with the Court's many directives, the Court directed Sherman to show cause, by November 13, 2024, why this case should not be dismissed for his failure to comply with the Court's Orders, appear for the deposition, respond to discovery, or otherwise prosecute the case. See Order to Show Cause (Doc. 33). In doing so, the Court advised Sherman that his failure to timely comply may result in the dismissal of his

3

case without further notice. See id. (citing Rule 3.10, Local Rules, United States District Court for the Middle District of Florida). On November 1, 2024, Sherman filed a document titled "Motion to Warranting Camera Surveillance"[2] (Doc. 34). The Court struck that filing and reminded Sherman of the deadline to respond to the Court's October 16, 2024 Order to Show Cause. See Order (Doc. 35).

When Sherman failed to respond to the October 16, 2024 Order to Show Cause, the Court entered a Final Order to Show Cause (Doc. 26) directing Sherman, by December 30, 2024, to (1) show cause why this case should not be dismissed for his failure to comply with the Court's Orders (Docs. 5, 33, 35) or otherwise prosecute the case and (2) respond to Defendant's Motion. See Final Order to Show Cause (Doc. 36). The Court advised Sherman that when responding to the Court's Final Order to Show Cause, he should consider the statute of limitations for his claims and noted that if the statute of limitations on his claims has expired, any dismissal, even a dismissal without prejudice for failure to prosecute, would likely bar any future litigation of these claims. See id. The Court also advised Sherman that his failure to comply would result in the dismissal of this case without further notice. See id.

---

[2] Plaintiff's filing (Doc. 34) predates the Order to Show Cause but was received by the Court on October 18, 2024.

4

Sherman then filed two responses, one on December 26, 2024, and one on December 30, 2024. See Docs. 38, 40. In the responses, Sherman states he has been unable to focus on litigating this case because he is still mourning the September 2023 passing of his father. Doc. 38 at 1. Sherman also suggests he is preoccupied with meeting deadlines in his other pending cases, explaining he needs more time to respond to "all of this that's piled up . . . in the courts in the Middle and Northern District[s] of Florida," as well as his case that is pending in Leon County, Florida. Id. He also asserts he needs more time "to be able to write all of the complaints that [he is] getting ready to file . . ." (id.), including "several more complaints" he will be filing with this Court (Doc. 40). Baker filed a Reply (Doc. 41; Reply), in which she states that Sherman has failed to show he is willing and capable of diligently prosecuting this case and his responses suggest that he does not intend to participate in discovery. To that end, she argues the case should be dismissed for Sherman's failure to prosecute under Local Rule 3.10. Id. at 6.

A district court has inherent authority to manage its docket. See Equity Lifestyle Prop., Inc. v. Fla. Mowing and Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with court orders. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th

5

Cir. 1970)[3] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . .").

Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss a complaint for failure to prosecute or to comply with a court order or the federal rules. Gratton v. Great Am. Commc'ns, 178 F.3d 1373, 1374 (11th Cir. 1999). Dismissal under Rule 41(b) is appropriate where there is a clear record of delay or willful contempt and an implicit or explicit finding that lesser sanctions would not suffice. Id. at 1374 (quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)). And Local Rule 3.10(a) also provides that "[a] plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay."[4]

Here, in prosecuting this action, Sherman is required to comply with this Court's Orders. As of the date of this Order, Sherman has failed to comply with the Court's Orders to cooperate in discovery or respond to Baker's Motion to

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[4] A district court also has broad authority under Federal Rule of Civil Procedure 37 to control discovery, including dismissal as the most severe sanction. See Gratton, 178 F.3d at 1374.

Compel and Motion for Sanctions. After he failed to respond to the Court's October 16, 2024 Order to Show Cause, the Court issued its November 26, 2024 Final Order to Show Cause (Doc. 36) giving him an additional opportunity to comply. In doing so, the Court advised Sherman that failure to fully respond would result in dismissal of his case. Id. While Sherman's responses to the Final Order to Show Cause referenced the September 2023 passing of his father, he also expressed that he needs an unspecified extension of time to comply with the Court's Orders and discovery requests because he is overwhelmed with the number of pending cases he is litigating in federal and state court, and he is busy preparing for the "filing [of] several more complaints in this Court . . . ." Doc. 40. The inconsistent nature of these explanations sheds no light on why Sherman refused to appear for his scheduled deposition or why he still refuses to respond to any of Baker's written discovery requests. Notably, Rule 41(b) recognizes a district court's inherent authority to dismiss a case for want of prosecution "to prevent undue delays in the disposition of pending cases and to avoid congestion" of court calendars. Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962). Sherman's inability to adhere to the Court's deadlines or otherwise follow the Court's Orders because he is too consumed with other actions he is, or anticipates, pursuing is the type of delay and congestion Rule 41(b) seeks to avoid. Sherman's actions show a clear record of

7

delay, and the Court finds that dismissal for lack of prosecution under Rule 41(b) and Local Rule 3.10 is appropriate in this case.

Finding Sherman has failed to meaningfully participate in discovery despite being ordered to do so and concluding that he has failed to show due diligence and just cause for his delay, the Court finds that no sanction short of dismissal is sufficient to sanction Plaintiff's conduct.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.  This case is **DISMISSED without prejudice** for Plaintiff Kenneth Jamal Sherman's lack of prosecution.[5]

2.  The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of March, 2025.

MARCIA MORALES HOWARD
United States District Judge

---

[5] Whether this dismissal actually results in a dismissal with prejudice depends on whether the statute of limitations has expired. That question is not before this Court, but may be answered in a subsequent proceeding if Sherman refiles his claims against Defendant Baker.

Jax-7
c:
Kenneth Jamal Sherman, #130883
Counsel of Record