United States District Court
Middle District of Florida
Jacksonville Division

**KENNETH JAMAL SHERMAN,**

    **Plaintiff,**

v.                                                                                                                                 No. 3:23-cv-653-MMH-LLL

**KATRINA BAKER,**

    **Defendant.**
_____

## Order

On March 10, 2025, after finding that plaintiff failed to meaningfully participate in discovery despite being ordered to do so and concluding that he failed to show due diligence and just cause for his delay, the Court dismissed this case without prejudice for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See* Doc. 42. Judgment was entered the same day. *See* Doc. 43.

Before the Court is defendant's motion for entitlement of attorney's fees and costs, doc. 45, filed under Federal Rule of Civil Procedure 37 and Local Rule 7.01. Defendant seeks $5,305 for reasonable expenses, including attorney's fees, incurred because of plaintiff's failure to cooperate with discovery orders. *Id.* at 2. Plaintiff has not responded to defendant's motion and the time to do so has expired.

Federal Rule of Civil Procedure 37(a)(5) provides that if a motion to compel discovery is granted, "the court must, after giving an opportunity to be heard, require

the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court will not order this payment if: "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A).

Here, defendant filed a motion to compel after plaintiff refused to attend his deposition or answer requests for admissions. *See* Doc. 30. Despite the Court's many orders directing he cooperate in discovery, *see* doc. 42 at 3-4, plaintiff never responded to defendant's motion or otherwise participated in any discovery requests. Thus, defendant's motion to compel was deemed unopposed and granted for purposes of Rule 37. *See* Local Rule 3.01(c) ("If a party fails to timely respond, the motion is subject to treatment as unopposed."); *see also Est. of Singleton v. Mut. of Omaha Ins. Co.*, No. 6:21-cv-1077-RDB-GJK, 2022 WL 19842616, at *1 (M.D. Fla. Jan 7, 2022) (concluding that since the plaintiff failed to respond to the motion to compel, the motion was considered unopposed and therefore granted).[1] Also, nothing on this record would support a finding that plaintiff's failure to comply with the Court's

---

[1] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

discovery orders was substantially justified or that present circumstances make an award of expenses unjust. As such, defendant is entitled to reasonable expenses incurred because of plaintiff's failure to participate in discovery, and thus defendant must file a supplemental motion as to the quantification of those expenses.

It is **ordered**:

1. Defendant's motion for entitlement of attorney's fees and costs, doc. 45, is **granted**.

2. Within **forty-five days** of the date of this order, defendant must file a supplemental motion in compliance with Local Rule 7.01(c)

3. Within **fourteen days** of the date of defendant's supplemental motion, plaintiff may file a response in compliance with Local Rule 7.01(d).

**Ordered** in Jacksonville, Florida, on October 3, 2025.



/s/ Laura Lothman Lambert
*United States Magistrate Judge*

C: Kenneth Jamal Sherman
130883
Alachua County Jail
3333 NE 39th Ave
Gainesville, FL 32609

Joseph V. DeFelice
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, FL 32308